**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JAMES MICHAEL ALVIS,

    Plaintiff - Appellant,

v.

LELAND W. SCHILLING,

    Defendant - Appellee.

No. 18-6032
(D.C. No. 5:17-CV-01310-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

    James Alvis appeals the district court's dismissal of his complaint against

Leland Schilling.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

    Schilling is a state-court judge for the District Court of McClain County,

Oklahoma.  He presided over the divorce proceedings between Alvis and his former

spouse.  In April 2016, Alvis's ex-spouse filed a motion for an emergency order

seeking full custody of the couples' children.  A hearing was held, at which two

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Oklahoma Department of Human Services employees testified that they did not believe there was an emergency in the home. The hearing was continued, and when it resumed, Schilling heard in camera testimony from one of the children. Alvis's counsel was not permitted to be present or cross-examine the child. Following this testimony, Schilling granted an emergency custody order.

Schilling received a thank you card from the child who had testified in camera. He disclosed receipt of the card to counsel for both parties and placed the card in the record. Alvis requested Schilling recuse, and later filed a motion to disqualify. While the motion was pending, Schilling entered a sua sponte summary order to seal the entire record regarding the hearing. Alvis's disqualification motion was denied, as was a motion to reconsider.

Alvis subsequently sought relief from the Oklahoma Supreme Court in a further effort to disqualify Shilling. That court entered an order directing Schilling to vacate all orders sealing the transcripts, and all orders entered after Alvis made his motion to disqualify. It further ordered Schilling to recuse.

Alvis brought suit in federal district court under 42 U.S.C. § 1983, arguing that Schilling prevented him from associating with his children in violation of his constitutional rights. He alleges that he was prohibited from seeing his children between the filing of the emergency order in April 2016 and Shilling's removal from the case in November 2016. Schilling filed a motion to dismiss based on judicial immunity, which the district court granted. Alvis timely appealed.

## II

"We review a district court's dismissal under Rule 12(b)(6) de novo." Burnett v. Mortg. Elec. Registration Sys., Inc., 706 F.3d 1231, 1235 (10th Cir. 2013). "We accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff." Id.

We affirm the district court's conclusion that Schilling is absolutely immune. "[A] state judge is absolutely immune from § 1983 liability except when the judge acts in the clear absence of all jurisdiction," Hunt v. Bennet, 17 F.3d 1263, 1266 (10th Cir. 1994) (quotation omitted), or engages in non-judicial actions, Mireles v. Waco, 502 U.S. 9, 11 (1991). Alvis does not dispute that Schilling's actions during the proceedings were judicial in nature—that is, that they were "function[s] normally performed by a judge." Stump v. Sparkman, 435 U.S. 349, 362 (1978).

Rather, Alvis argues that Schilling acted without jurisdiction. An act done in the complete absence of jurisdiction is distinct from an act done in excess of jurisdiction. See Mireles, 502 U.S. at 13. For the purposes of immunity, jurisdiction must be construed broadly. Stump, 435 U.S. at 356. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Id. at 356-57 (quotation omitted)

Viewing the complaint in the light most favorable to Alvis, we conclude that although Schilling may have exceeded his jurisdiction, he did not act in complete absence of that jurisdiction. Schilling, a trial judge on a state court, unquestionably

3

had jurisdiction over the subject matter before him: the divorce between Alvis and his ex-spouse and the associated awarding of custody of the couple's children. Okla. Const. art. 7, § 1; see also Bradley v. Fisher, 80 U.S. 335, 352 (explaining that where a court has proper jurisdiction, the "manner and extent" of that jurisdiction are properly determined by the court). We therefore rule that any error in Schilling's analysis of the scope of his jurisdiction does not deprive him of immunity from suit. Mireles, 502 U.S. at 13.

### III

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Alvis's complaint.

Entered for the Court

Carlos F. Lucero
Circuit Judge

4